David J. Dow, Bar No. 179407
ddow@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendant
USA WASTE OF CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI ARELLANO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>USA WASTE OF CALIFORNIA, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. _____<br><br>(Removed from Shasta Superior Court, Case No. 200801)<br><br>**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed: October 10, 2022 |

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4869-9336-4547.1 / 046554-1534

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant USA Waste of California, Inc. ("Defendant") hereby files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and removes this action from the Superior Court for the State of California, in and for the County of Shasta, to the United States District Court for the Eastern District of California. A true and correct copy of this Notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Shasta, and notice of the removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. § 1446(d).  Defendant makes the following allegations in support of its Notice of Removal:

## I. JURISDICTION [LOCAL RULE 8-1]

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts  with  original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## II. VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of Shasta. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. sections 84(a), 1441(a), and 1446(a).

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

4869-9336-4547.1 / 046554-1534

### III.   PLEADINGS, PROCESSES, AND ORDERS

3.   On October 10, 2022, Plaintiff filed an unverified Class Action Complaint against Defendant in the Shasta County Superior Court entitled *LORI ARELLANO, as an individual and on behalf of all others similarly situated, Plaintiffs, v. USA WASTE OF CALFIORNIA, INC., a Delaware corporation, Defendants*, designated as Case No. 200801 (the "Complaint").

4.   The Complaint asserts a single cause of action for violation of California Labor Code section 226(a) for alleged failure to issue accurate wage statements.  The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5.   On November 9, 2022, Defendant was served a copy of: (a) a Summons; (b) the Complaint; (c) a Civil Case Cover Sheet; and (d) Notice of 1) All Purpose Assignment, 2) Mandatory Settlement Conference and 3) Trial.

6.   Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the Shasta County Superior Court and served by Plaintiff through CT Corporation System.

7.   Attached hereto as **Exhibit B** are true and correct copies of the (a) Summons; (b) Civil Case Cover Sheet; and (c) Notice of 1) All Purpose Assignment, 2) Mandatory Settlement Conference and 3) Trial served through Defendant's registered agent for service of process, CT Corporation System.

8.   On December 9, 2022, Defendant filed and served an Answer to Plaintiff's Complaint in the Shasta County Superior Court.  Attached hereto as **Exhibit C** is a true and correct copy of Defendant's Answer.

9.   To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Shasta County Superior Court or served by any party other than as described above.  To Defendant's knowledge, no proceedings related hereto have been heard in the Shasta County Superior Court.

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4869-9336-4547.1 / 046554-1534

IV.   **TIMELINESS OF REMOVAL**

10.    An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

11.    Removal of this action is timely because this Notice of Removal has been filed within thirty days of November 9, 2022, when Defendant was served with the Summons and Complaint.  *See* 28 U.S.C. § 1446(b). Because Plaintiff personally served the Summons and Complaint upon Defendant's agent for service of process on November 9, 2022, the thirty-day period for removal runs through December 9, 2022.  Fed. R. Civ. P. 6.  As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendant.  (*See* Exhibits A-C.)

V.   **CAFA JURISDICTION**

12.    CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where there are at least 100 putative class members, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).   CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.  As set forth below, this case meets each CAFA requirement for removal, and is properly removed by the filing of this Notice of Removal.

A.    **This is a Class Action.**

13.    Plaintiff filed this action as a class action.  (Complaint, ¶¶ 1, 13-17.)

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

4869-9336-4547.1 / 046554-1534

4

NOTICE TO FEDERAL COURT OF REMOVAL

**B.    The Proposed Class Contains At Least 100 Members.**

14.    The provisions of CAFA apply to proposed class actions involving 100 individuals or more. *See* 28 U.S.C. § 1332(d)(5)(B).  This requirement is met in this case.

15.    Plaintiff brings her lawsuit on behalf of herself and "all other similarly situated current and former employees of Defendants" and defines the class as "All current and former non-exempt California employees who were paid overtime wages by Defendant at any time from October 7, 2021, through the present."   (Complaint, introductory paragraph and ¶ 16.)

16.    Defendant employed at least 1,763 non-exempt employees in the State of California who were paid overtime wages from October 7, 2021 to the present. Thus, CAFA's requirement that the action involve 100 or more individuals is satisfied.

**C.    Defendant Is Not a Governmental Entity.**

17.    CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."  28 U.S.C. § 1332(d)(5)(A).

18.    Defendant is a corporation.  Thus, Defendant is not a state, state official, or other government entity exempt from CAFA.

**D.    There Is Diversity Between At Least One Putative Class Member and Defendant.**

19.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A), 1453(b).  In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the unnamed putative class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).  Additionally, for removal purposes, diversity must exist both at the time the action is commenced in state court and at the time removal is effected.

4869-9336-4547.1 / 046554-1534

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

*Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff is a citizen of a different state than Defendant.

20.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain).

21.    Here, at the time Plaintiff commenced this action and at the time of removal, Defendant is informed and believes and alleges that Plaintiff resided in the State of California, and thus was both domiciled in the State of California and was a citizen of the State of California.

22.    For diversity purposes, a corporation "shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(l). Defendant is incorporated under the laws of the State of Delaware and pursuant to 28 U.S.C. section 1332(c)(1), is therefore a citizen of the State of Delaware.).

23.    Defendant is also a citizen of the State of Texas because a corporation is deemed to be a citizen of the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  As clarified by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), Section 1332(c)(1)'s use of "the phrase 'principal place of business' refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center." *Id.* at 80-81.  Except in unusual circumstances, a corporation's corporate headquarters is its nerve center.  *Id.* at 93-94.

24.    Defendant has its corporate headquarters at 800 Capitol Street, Houston, Texas.  A majority of Defendant's corporate decisions, including operational, executive, administrative, and policymaking decisions, are made from its Houston, Texas headquarters.  Defendant's management and administrative functions are

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

4869-9336-4547.1 / 046554-1534

1  located in Houston, Texas, including human resources, finance, treasury, legal, and

2  payroll.  Defendant's "nerve center" and, thus, its principal place of business, is

3  located in Houston, Texas.  *See Hertz*, 559 U.S. at 92-93.

4      25.    Thus, for purposes of diversity jurisdiction, Defendant is a citizen of the

5  States of Delaware and Texas, and not a citizen of the State of California.

6      26.    The presence of DOE defendants in this case has no bearing on diversity

7  with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under

8  this chapter, the citizenship of defendants sued under fictitious names shall be

9  disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998)

10  ("28 U.S.C. § 144l(a) explicitly provides that the citizenship of defendants sued under

11  fictitious names shall be disregarded for purposes of removal.").

12      27.    Accordingly, the named Plaintiff is a citizen of a State (California)

13  different from Defendant (Delaware and Texas), and diversity exists for purposes of

14  CAFA jurisdiction.  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

15      **E.    The Amount in Controversy Exceeds $5,000,000.**

16      28.    The removal statute requires a defendant seeking to remove a case to

17  federal court to file a notice "containing a short and plain statement of the grounds

18  for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*,

19  574 U.S. 81 (2014), the Supreme Court recognized that "as specified in § 1446(a), a

20  defendant's notice of removal need include only a plausible allegation that the

21  amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. Only if the

22  plaintiff contests or the court questions the allegations of the notice of removal is

23  supporting evidence required.   *Id.*   "[T]he defendant's amount-in-controversy

24  allegation should be accepted" just as a plaintiff's amount-in-controversy allegation

25  is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 87-88.

26      29.    For purposes of determining whether the amount in controversy has

27  been satisfied, the Court must presume that Plaintiff will prevail on her claims. *See*

28  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4869-9336-4547.1 / 046554-1534

7

NOTICE TO FEDERAL COURT OF REMOVAL

(C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

30.     Defendants "may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 U.S. Dist. LEXIS 76351, at *6 (C.D. Cal. May 30, 2014) (citing *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148-49 (C.D. Cal. 2010)).

31.     In addition, defendants may assume violation rates of 100% in calculating the amount in controversy when, as here, the complaint does not allege a more precise calculation. *See, e.g., Ritenour v. Carrington Mortgage Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate."); *Thomas v. Aetna Health of Cal., Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 U.S. Dist. LEXIS 59377, at *64 (E.D. Cal. June 2, 2011); *Navarro v. Servisair, LLC*, No. C 08-02716 MHP, 2008 U.S. Dist. LEXIS 62513, at *21-23 (N.D. Cal. Aug. 14, 2008); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 U.S. Dist. LEXIS 31515, at *8 (E.D. Cal. May 1, 2007) (a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's

4869-9336-4547.1 / 046554-1534

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

8

NOTICE TO FEDERAL COURT OF REMOVAL

1  claims for damages." (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky.

2  1994)).  These courts recognize "that imposing overly stringent requirements on a

3  defendant to proving the amount in controversy would run the risk of essentially

4  asking defendants to prove the plaintiffs' case." *Altamirano v. Shaw Indus., Inc.*, No.

5  C-13-0939 EMC, 2013 U.S. Dist. LEXIS 84236, at *13 (N.D. Cal. June 14, 2013).

6      32.    A defendant is thus not obligated "to support removal with production

7  of extensive business records to prove or disprove liability and/or damages with

8  respect to plaintiff or the putative class members at this premature (pre-certification)

9  stage of the litigation." *Muniz*, 2007 U.S. Dist. LEXIS 31515, at *8 (citing *McGraw*,

10  863 F. Supp. 2d at 434); *see also Jones v. Tween Brands, Inc.*, No. 2:14-CV-1631-

11  ODW (PLAx), 2014 U.S. Dist. LEXIS 56003, at *5-6 (C.D. Cal. Apr. 22, 2014)

12  (finding defendant did not need to provide payroll data to support removal because

13  defendant "is not required to meet such a high burden.") (citing *Muniz*, *supra*, 2007

14  U.S. Dist. LEXIS 31515, at *15); *Thomas*, *supra*, 2011 U.S. Dist. LEXIS 59377, at

15  *64 ("[R]equiring Defendants to forecast an exact violation rate would essentially

16  force a removing defendant to prove the plaintiff's case." (citing *Muniz*, 2007 U.S.

17  Dist. LEXIS 31515, at *15)).

18      33.    Defendant denies the validity and merit of the entirety of Plaintiff's

19  claims, the legal theories upon which they are ostensibly based, and the claims for

20  monetary and other relief that flow therefrom. For purposes of removal only,

21  however, and without conceding that Plaintiff or the putative class are entitled to any

22  damages or penalties whatsoever, it is readily apparent that the allegations of

23  Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's

24  jurisdictional minimum of $5,000,000.

25      34.    When, as here, the plaintiff's complaint does not state the amount in

26  controversy, the defendant's notice of removal may do so. *Dart*, *supra*, 574 U.S. at

27  83. Defendants' Notice of Removal must simply include "a plausible allegation that

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
501 W. Broadway, Suite
900
San Diego, CA
92101.3577
619.232.0441

4869-9336-4547.1 / 046554-1534

9

NOTICE TO FEDERAL COURT OF REMOVAL

1   the amount in controversy exceeds the jurisdictional threshold" and "need not contain

2   evidentiary submission." *Id.* at 84, 89.

3      35.   Defendant is entitled to base its calculations, for purposes of calculating

4   the amount in controversy, on the argument and allegations by Plaintiff alleging

5   failure to provide accurate wage statements. (Complaint, ¶¶ 28-30.) Plaintiff alleges,

6   that "whenever overtime wages were paid, the wage statements issued to Plaintiff

7   and Class Members did not identify the accurate total hours worked. In particular,

8   when the hours shown on the wage statements are added up, they do not appear to

9   add up to the actual total hours worked." (Complaint, ¶29.) Plaintiff further alleges

10  that Defendant "violated Labor Code § 226(a)(2) as to Plaintiff and Class Members

11  by failing to identify the correct total hours worked." (*Id.*)

12     36.   Given Plaintiff's allegation that wage statements issued by Defendant

13  were inaccurate "whenever" its non-exempt employees were paid overtime wages, it

14  is clear that Plaintiff effectively alleges that <u>all</u> wage statements reflecting payment

15  of overtime wages fail accurately list the total number of hours worked. *See Duberry*

16  *v. J. Crew Grp., Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, at *6-7

17  (C.D. Cal. July 28, 2015) (finding it reasonable to apply a 100% violation rate as to

18  the inaccurate wage statement claim); *Korn*, 536 F. Supp. 2d at 1204 (courts may

19  consider maximum penalty in calculating amount in controversy for wage statement

20  claim).

21     37.   Labor Code section 226(e)(1) provides for a penalty in the amount of

22  $50 per employee for the initial pay period in which there is a violation of Section

23  226(a) and $100 per employee for each violation in a subsequent pay period, not to

24  exceed an aggregate penalty of $4,000 per employee.

25     38.   During the period of October 7, 2021 to the present, Defendant issued

26  approximately 70,155 wage statements to 1,763 non-exempt employees in California

27  who worked overtime hours, and were paid overtime wages, for the applicable pay

28  period. Accordingly, potential penalties under Labor Code section 226(e)(1) total

LITTLER MENDELSON,
P.C.
Attorneys at Law
501 W. Broadway, Suite
900
San Diego, CA
92101.3577
619.232.0441

4869-9336-4547.1 / 046554-1534

10

NOTICE TO FEDERAL COURT OF REMOVAL

1  $5,739,900, taking into account the $4,000 per employee penalty cap.  Thus, the

2  amount in controversy on Plaintiff's claim for inaccurate wage statements exceeds

3  the $5,000,000 jurisdictional minimum of CAFA.

4      39.    Labor Code section 226(e)(1) also provides for an award of reasonable

5  attorneys' fees and costs to a successful plaintiff.  Here, Plaintiff seeks to recover

6  attorneys' fees (Complaint, Prayer for Relief), which the Court should consider and

7  include in the amount in controversy since the California Labor Code allows recovery

8  of such fees.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)

9  ("We hold that where an underlying statute authorizes an award of attorneys' fees,

10  either with mandatory or discretionary language, such fees may be included in the

11  amount in controversy.").

12      40.    Attorneys' fees awards in California wage and hour class actions can

13  total millions of dollars.  *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th

14  610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Pellegrino*

15  *v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296 (2010) (affirming

16  $558,926.85 in attorneys' fees in exemption misclassification class action, but

17  reversing as to multiplier); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008)

18  (affirming award of $727,000 in attorneys' fees plus a multiplier that equates to total

19  fees of $1,199,550 in class action involving violations of a living wage ordinance,

20  the California Labor Code, as well as unfair competition and contract claims); *Jasso*

21  *v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465 (N.D. Cal.

22  Mar. 1, 2012) ("[I]t is well established that the Ninth Circuit 'has established 25% of

23  the common fund as a benchmark award for attorney fees.'" (quoting *Hanlon v.*

24  *Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)).

25      41.    A conservative estimate of attorneys' fees in the amount of 25% of the

26  amount in controversy on the wage statement claims adds an additional $1,434,975

27  to the amount in controversy.

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
501 W. Broadway, Suite
900
San Diego, CA
92101.3577
619.232.0441

4869-9336-4547.1 / 046554-1534

42.     Thus, Plaintiff's claims place more than $5,000,000 in controversy. Removal of this action is therefore proper as the value of Plaintiff's class claims for statutory penalties and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).

43.     In light of the above, there is no question that Plaintiff's claims exceed the jurisdictional minimum.  Accordingly, the "amount in controversy" requirement under CAFA is satisfied in this case.

## VI.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

44.     Contemporaneously with the filing of this Notice of Removal, Defendant is filing a Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal Court with the Clerk of the Superior Court of the State of California, County of Shasta, attaching a copy of this Notice of Removal and all its Exhibits.  *See* 28 U.S.C. § 1446(d).

45.     This Notice of Removal and the Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal Court have also been served this day via email and first-class mail upon Plaintiff's counsel of record: Larry W. Lee, Diversity Law Group, P.C., 515 S. Figueroa St., Suite 1250, Los Angeles, CA 90071, and Edward W. Choi, Law Offices of Choi & Associates, 515 S. Figueroa St., Suite 1250, Los Angeles, CA 90071.

46.     Defendant reserves all defenses, including defenses as to sufficiency of service of process, personal jurisdiction, and arbitration.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4869-9336-4547.1 / 046554-1534

NOTICE TO FEDERAL COURT OF REMOVAL

1   　　　　WHEREFORE, Defendant respectfully requests that the Complaint be

2   removed and hereinafter proceed in the United States District Court for the Eastern

3   District of California.

4

5   Dated:　　　December 9, 2022

　　　　　　　　　　　　　　　　　　LITTLER MENDELSON, P.C.

6

7

8   　　　　　　　　　　　s/ David J. Dow
　　　　　　　　　　　David J. Dow

9   　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　USA WASTE OF CALIFORNIA, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4869-9336-4547.1 / 046554-1534

NOTICE TO FEDERAL COURT OF REMOVAL

LITTLER MENDELSON,
P.C.
Attorneys at Law
501 W. Broadway, Suite
900
San Diego, CA
92101.3577
619.232.0441

# EXHIBIT A



1  Larry W. Lee (State Bar No. 228175)
2  **DIVERSITY LAW GROUP, P.C.**
   515 S. Figueroa St., Suite 1250
3  Los Angeles, California 90071
   (213) 488-6555
4  (213) 488-6554 facsimile
   lwlee@diversitylaw.com
5

6  Edward W. Choi, Esq. SBN 211334
   **LAW OFFICES OF CHOI & ASSOCIATES**
7  515 S. Figueroa St., Suite 1250
   Los Angeles, CA 90071
8  Telephone: (213) 381-1515
   Facsimile: (213) 465-4885
9  Email: edward.choi@choiandassociates.com

10 Attorneys for Plaintiff and the Class

11 (Additional counsel on next page)

                                            **FILED**

                                            **OCT 10 2022**

                                    SHASTA COUNTY SUPERIOR COURT
                                    BY: M. PARTRIDGE, DEPUTY CLERK

                                                                By Fax

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                   **FOR THE COUNTY OF SHASTA**

14 LORI ARELLANO, as an individual and          CASE NO. **200801**
   on behalf of all others similarly situated,
15                                              **CLASS ACTION COMPLAINT FOR:**
                      Plaintiffs,
16                                              **(1) VIOLATION OF CAL. LABOR CODE §**
                                                **226(a);**
17       v.
                                                **DEMAND EXCEEDS $25,000.00**
18 USA WASTE OF CALIFORNIA, INC., a
   Delaware corporation; and DOES 1
19 through 50, inclusive;

20                  Defendants.

21

22

23

24

25

26

27

28

William L. Marder, Cal Bar No. 170131
POLARIS LAW GROUP
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone:      831.531.4214
Facsimile:      831.634.0333

Dennis S. Hyun (State Bar No. 224240)
HYUN LEGAL, APC
515 S. Figueroa St., Suite 1250
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

2

Plaintiff Lori Arellano ("Plaintiff") hereby submits this Class Action Complaint ("Complaint") against Defendant USA Waste of California, Inc. (the "Company" or "Defendant"), a Delaware corporation, and DOES 1-50 (hereinafter collectively referred to as "Defendants"), individually and on behalf of a Class of all other similarly situated current and former employees of Defendants for penalties and/or damages for violations of the California Labor Code for failure to provide employees with accurate itemized wage statements as follows:

## INTRODUCTION

1.      This class action is within the Court's jurisdiction under California Labor Code § 226 and the California Industrial Welfare Commission's ("IWC") Wage Orders.

2.      This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to provide accurate itemized wage statements identifying all required information.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over the violations of the California Labor Code § 226.

5.      Venue is proper in Shasta County because Plaintiff performed work for Defendant in this County.

## PARTIES

6.      On or about August 15, 2022, Plaintiff was hired by Defendant to work as a non-exempt truck driver.  On or about September 29, 2022, Plaintiff's employment ended.

7.      Defendant is a corporation which provides waste/garbage hauling services throughout the State of California.

8.      Plaintiff was and is a victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived Plaintiff of the rights guaranteed by California Labor Code § 226 and the applicable IWC Wage Orders.

9.      Plaintiff is informed and believes, and based thereon alleges, that at all times

herein mentioned Defendants and DOES 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

10.    As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code § 226 and the IWC Wage Orders.

11.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

12.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

13.    Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co- Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

14.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

15.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the

4

other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

**CLASS ACTION ALLEGATIONS**

16. **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382, of the following class:

      a.    All current and former non-exempt California employees who were paid overtime wages by Defendant at any time from October 7, 2021, through the present (the "Class").

17. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of the Company's records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that the Company failed to provide accurate itemized wage statements to employees in violation of Labor Code § 226.

18. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the named Plaintiffs. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

19. The Company uniformly administered a corporate policy, practice of failing to provide accurate itemized wage statements to employees in violation of Labor Code § 226.

20. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Class concerning the Company's failure to provide accurate itemized wage statements to employees in violation of Labor Code § 226.

21. **Typicality:** The claims of the named Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar

5

and typical manner as the Class members. As with other non-exempt employees, Plaintiff was not provided accurate, itemized statements in violation of Labor Code § 226. Specifically, whenever overtime wages were paid, the wage statements issued to Plaintiff and Class Members did not identify the accurate total hours worked. In particular, when the hours shown on the wage statements are added up, they do not appear to add up to the actual total hours worked. Therefore, the Company violated Labor Code § 226(a)(2) as to Plaintiff and Class Members by failing to identify the correct total hours worked. Accordingly, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code § 226 and the applicable IWC Wage Orders.

22.     The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

23.     The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of the individual Plaintiff with Defendants' vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

24.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Company and which would establish potentially incompatible standards of conduct for the Company, and/or (b) adjudications with respect to

6

individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

25.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action any and all applicable penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226, the applicable IWC Wage Orders, and Code of Civil Procedure § 1021.5.

26.     Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

27.     The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by the Company.  The Class is commonly entitled to restitution of those funds being improperly withheld by the Company.  This action is brought for the benefit of the entire class and will result in the creation of a common fund.

### FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226(a)

### (AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AND THE CLASS)

28.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

29.     The Company failed in its affirmative obligation to provide accurate itemized wage statements in violation of Labor Code § 226(a).  As with other non-exempt employees, Plaintiff was not provided accurate, itemized statements in violation of Labor Code § 226. Specifically, whenever overtime wages were paid, the wage statements issued to Plaintiff and Class Members did not identify the accurate total hours worked. In particular, when the hours shown on the wage statements are added up, they do not appear to add up to the actual total hours

7

1   worked. Therefore, the Company violated Labor Code § 226(a)(2) as to Plaintiff and Class

2   Members by failing to identify the correct total hours worked. Therefore, the Company violated

3   Labor Code § 226(a)(2) as to Plaintiff and Class Members by failing to identify the correct total

4   hours worked.

5         30.    Such a pattern, practice and uniform administration of corporate policy as

6   described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class

7   identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226,

8   including interest thereon, attorneys' fees, and costs of suit according to the mandate of California

9   Labor Code § 226.

### PRAYER FOR RELIEF

10        WHEREFORE, Plaintiff prays for judgment individually and all others on whose behalf

11  this suit is brought against Defendants, jointly and severally, as follows:

12        1.    For an order certifying the proposed Class;

13        2.    For an order appointing Plaintiff as the representative of the Class as described

14  herein;

15        3.    For an order appointing counsel for Plaintiff as Class counsel;

16        4.    Upon the First Cause of Action, for damages and/or penalties pursuant to

17  California Labor Code § 226, and for costs and attorneys' fees;

18        5.    On all causes of action, for attorneys' fees and costs as provided by California

19  Labor Code § 226 and Code of Civil Procedure § 1021.5; and

20        6.    For such other and further relief as the Court may deem just and proper.

21

22  DATED: October 6, 2022          DIVERSITY LAW GROUP, P.C.

23

24                    By:_____
                       Larry W. Lee

25                    Attorneys for PLAINTIFF and the CLASS

26

27

28

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

# EXHIBIT B

ĜĈCO

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

USA WASTE OF CALIFORNIA, INC., a Delaware corporation; and
DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LORI ARELLANO, as an individual and on behalf of all others similarly
situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*



FILED

OCT 10 2022

SHASTA COUNTY SUPERIOR COURT
BY: M. PARTRIDGE, DEPUTY CLERK

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Shasta
1500 Court Street, Redding, CA 96001

**CASE NUMBER:**
*(Número del Caso):*

**200801**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Edward W. Choi (SBN 211334) 515 S. Figueroa St., Ste 1250, Los Angeles, CA 90071; (213) 381-1515
Law Offices of Choi & Associates, APLC

| DATE: *(Fecha)* | OCT 10 2022 | Clerk, by *(Secretario)* | M. PARTRIDGE | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* a Delaware corporation
    USA WASTE OF CALIFORNIA, INC.,

    under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

By Fax

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Edward W. Choi, Esq. SBN 211334 - Law Offices of Choi & Associates, APLC
515 S. Figueroa Street, Suite 1250, Los Angeles, CA 90071

TELEPHONE NO.: (213) 381-1515      FAX NO. *(Optional):* (213) 465-4885
E-MAIL ADDRESS: edward.choi@choiandassociates.com
ATTORNEY FOR *(Name):* Plaintiff and the Class

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA**
STREET ADDRESS: 1500 Court Street, Room 319
MAILING ADDRESS:
CITY AND ZIP CODE: Redding, CA 96001
BRANCH NAME: Main Courthouse

CASE NAME:
ARELLANO v. USA WASTE OF CALIFORNIA, INC.

**FOR COURT USE ONLY**

FILED

OCT 10 2022

SHASTA COUNTY SUPERIOR COURT
BY: M. PARTRIDGE, DEPUTY CLERK

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **200801** JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* ONE (1)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 6, 2022
Edward W. Choi
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

By Fax

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice— Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SHASTA

CASE NO.: __**2 0 0 8 0 1**__

NOTICE OF 1) ALL PURPOSE ASSIGNMENT,
2) MANDATORY SETTLEMENT
CONFERENCE AND 3) TRIAL

# INSTRUCTIONS – READ IMMEDIATELY!

## ORDER OF ASSIGNMENT

This action is assigned to the ☐ Hon. Stephen H. Baker / ☒ Hon. Tamara L. Wood for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

## MANDATORY SETTLEMENT CONFERENCE DATE

A Mandatory Settlement Conference will be conducted in this action on Monday/Tuesday _7 · 10 · 23_ at 1:30 p.m. in Department ☐ 3 / ☒ 8, located at 1500 Court Street, Redding, California 96001. All parties to this action are required to appear at the Settlement Conference.

The parties are ordered to comply with California Rules of Court, Rule 3.1380 relating to settlement conferences. Pursuant to Rule 3.1380(b), this court finds good cause is deemed to have been shown to excuse from attendance at settlement conference claims persons whose offices are more than 100 miles from the courthouse.

## TRIAL DATE

This matter is set for Trial on Tuesday/Wednesday, _9 · 6 · 23_ at 8:45 a.m. in Department ☐ 3 / ☒ 8, located at 1500 Court Street, Redding, CA 96001.

## REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of service on plaintiff of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE SETTLEMENT CONFERENCE AND TRIAL DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

Dated: January 1, 2021

_____
Monique D. McKee, Presiding Judge

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON _10/10/22_ BY _____ DEPUTY CLERK

# EXHIBIT C

1    David J. Dow, Bar No. 179407
     ddow@littler.com
2    LITTLER MENDELSON, P.C.
     501 W. Broadway, Suite 900
3    San Diego, California 92101.3577
     Telephone:    619.232.0441
4    Fax No.:    619.232.4302

5    Attorneys for Defendant
     USA WASTE OF CALIFORNIA, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SHASTA

10

| | |
|---|---|
| 11   LORI ARELLANO, as an individual and on behalf of all others similarly situated, | Case No. 200801 |
| 12                 Plaintiffs, | ASSIGNED FOR ALL PURPOSES TO JUDGE Tamara L. Wood, Dept. 8 |
| 13         v. | **ANSWER TO CLASS ACTION COMPLAINT** |
| 14   USA WASTE OF CALIFORNIA, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | |
| 15 | |
| 16            Defendants. | |
| 17 | Trial Date:   9-6-23 |
| 18 | Complaint Filed:   October 10, 2022 |

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4870-6361-8883.1 / 046554-1534

ANSWER TO COMPLAINT

Defendant USA WASTE OF CALIFORNIA, INC. ("Defendant") hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff LORI ARELLANO ("Plaintiff"), on behalf of herself and a putative class of allegedly similarly situated persons (the "putative class members"), as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure 431.30(d), Defendant generally denies each and every allegation contained in Plaintiff's Complaint and further specifically denies that Plaintiff, or any putative class member, has been damaged in any respect or in any amount as a result of any act or omission by Defendant.  Defendant further denies that this case is appropriate for class treatment.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each and every cause of action contained therein, fails to properly state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims, and those of the persons she seeks to represent, are barred, in whole or in part, by the applicable statute(s) of limitations set forth in California Code of Civil Procedure sections 338(a) and 340(a).

**THIRD AFFIRMATIVE DEFENSE**

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

**FOURTH AFFIRMATIVE DEFENSE**

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims, and those of the persons she seeks to represent, are barred, in whole

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

or in part, on the grounds that such claims would impose excessive fines and penalties barred by the California and federal Constitutions.

### FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff lacks standing to assert the legal rights or interests of others.

### SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff and/or any of the persons she seeks to represent sustained no injury, as defined in Labor Code section 226(e)(2), from any alleged failure to provide wage statements in conformity with Labor Code section 226(a).

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any alleged failure to provide Plaintiff and/or any of the persons she seeks to represent with wage statements in conformity with Labor Code section 226(a) was not knowing, intentional or willful and was not brought to the attention of management.

### EIGHTH AFFIRMATIVE DEFENSE

AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the wage statements issued to Plaintiff and the persons she seeks to represent were in substantial compliance with Labor Code section 226(a).

### NINTH AFFIRMATIVE DEFENSE

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims, and those of the persons she seeks to represent, are barred, in whole or in part, on the grounds of res judicata, collateral estoppel, waiver and release, including based on the settlement and judgment in *Aguilar v. USA Waste of California, Inc.*, Tulare County Superior Court Case No. VCU276829 and *Thom v. USA Waste of California, Inc.,* Fresno County Superior Court Case No. 18CECG03190.

/ / /

/ / /

4870-6361-8883.1 / 046554-1534

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

3

1   ### RESERVATION OF ADDITIONAL DEFENSES

2         In accordance with the relevant provisions of the California Code of Civil

3   Procedure, Defendant may amend this Answer should Defendant later discover facts supporting the

4   applicability of new and/or additional affirmative defenses, and/or should a change in the law

5   support the inclusion of new and/or additional affirmative defenses.

6   ### PRAYER FOR RELIEF

7         WHEREFORE, Defendant prays for relief as follows:

8       1.    That this action not be certified as a class action;

9       2.    That Plaintiff and the putative class members take nothing by way of the

10           Complaint;

11       3.    That the Complaint be dismissed in its entirety with prejudice;

12       4.    That judgment be entered against Plaintiff and in favor of Defendant on all

13           of Plaintiff's causes of action;

14       5.    That Defendant be awarded its costs of suit and attorneys' fees incurred in

15           this action, as provided by law; and

16         For such other and further relief as the Court deems fair and just.

17

18   Dated: December 9, 2022

          LITTLER MENDELSON, P.C.

19

20

21             David J. Dow

22             Attorneys for Defendant
          USA WASTE OF CALIFORNIA, INC.

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
501 W. Broadway, Suite
900
San Diego, CA
92101.3577
619.232.0441

4870-6361-8883.1 / 046554-1534

4